UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONNA EASTWOOD,

                      Plaintiffs,

     -against-

TRANSWORLD SYSTEMS, INC.

                      Defendant.
------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff DONNA EASTWOOD ("Plaintiff(s)"), by and through their attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for its Complaint against the Defendant TRANSWORLD SYSTEMS, INC. ("Defendant(s)" and/or "TRANSWORLD"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA).

## PARTIES

2. Plaintiff Donna Eastwood is a resident of the State of New York, residing at 307 Lake Osiris Road, Walden, NY 12586 and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

3. Defendant TRANSWORLD is a Connecticut corporation engaged in business of collecting debts with its principal place of business located at 1160 Silas Deanna HWY #409, Wethersfield, CT 06109.

4. TRANSWORLD is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. On information and belief, on a date better known to the Defendant, WALDEN SAVINGS BANK ("WALDEN") either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to Defendant TRANSWORLD for collection.

10. The alleged WALDEN debt is a "debt" as defined by 15 U.S.C. §1692a(5) ("the alleged debt").

11. Defendant began collecting an alleged consumer debt from the Plaintiff by calling the cellular phone of Plaintiff and her Husband, Bobby Eastwood in or about December 2010.

12. The cellular telephone number of Plaintiff and her Husband, Bobby Eastwood, is 845-778-0129.

13. Defendant calls Plaintiff from telephone number 317-571-6419.

14. Plaintiff is elderly, disabled with a heart condition, retired, and does not work; Plaintiff's sole source of income is Social Security/SSI received once per month.

15. In or about November 2010, WALDEN informed Plaintiff that the balance of the alleged debt is $353.

16. Defendant constantly and continuously places collection calls to Plaintiff demanding payment in full for the alleged debt.

17. Defendant constantly and continuously places collection calls to Plaintiff demanding payment in full for the alleged debt by debit or credit card or direct draft from a checking account only.

18. Defendant constantly and continuously calls Plaintiff and hangs up without leaving a voicemail message.

19. Defendant failed to give the Plaintiff the required disclosures by identifying themselves as a debt collector, that they were attempting to collect a debt, and that any information would be used for that purpose thereby violating 15 U.S.C. §1692e(11).

20. Defendant further violated 15 U.S.C. §1692e – preface and (10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 U.S.C. §1692e(11).

21. Defendant violated §1692d-preface, (5), and (6); §1692e-preface and (10); and §1692f-preface and (5) by constantly and continuously places telephone calls to Plaintiff and does not make meaningful disclosure of their identity to Plaintiff.

22. Defendant violated §1692d-preface, (5), and (6); §1692e-preface and (10); and §1692f-preface and (5) by constantly and continuously causes charges to be made to Plaintiff and her Husband Bobby for communications by concealment of the true purpose of the communication as Plaintiff is charged for each individual telephone call received on the cellular telephone.

23. On or about December 23, 2010, Plaintiff called Defendant TRANSWORLD and spoke with their servant, agent, and/or debt collector by the name of Matt ("<u>12/23/10 Call</u>").

24. Plaintiff called Defendant in order to arrange payment of the alleged WALDEN debt.

25. Plaintiff stated that she receives SSI once per month and would be able to make payment via money order on the alleged debt.

26. Defendant rejected Plaintiff's offer, stating that Plaintiff can only make payment to Defendant by providing a checking account number, a debit/credit card, or a pre-paid debit/credit card.

27. Defendant stated TRANSWORLD has a policy of requiring something more tangible than a "consumer's word" that payment will be made by Plaintiff because Defendant is lied to all day long.

28. Defendant implied Plaintiff was a liar and will not make good on her "word" in requiring that Plaintiff set-up automatic, recurring payments with a debit/credit card or checking account rather than allowing Plaintiff to send a money order payment personally herself.

29. Defendant violated §1692d-preface; §1692e-preface, (7), and (10); and §1692f-preface by the unfair and unconscionable false representation or implication that Plaintiff is a liar and would not make good on her "word" in sending a money order to pay the alleged debt in order to disgrace Plaintiff.

30. Defendant told Plaintiff to ask family and friends if she can borrow a debit/credit card or otherwise set-up automatic, recurring charges through the checking account of a family member or friend.

31. Plaintiff told Defendant that family and friends have declined to provide Plaintiff with their debit/credit card or checking account information to meet TRANSWORLD'S demand.

32. Plaintiff stated again that she wants to pay but that she does not have a debit/credit card or a checking account nor will family or friends provide Plaintiff and TRANSWORLD with their debit/credit card, checking account information, or a pre-paid debit/credit card.

33. Defendant stated that because Plaintiff does not have a way to "secure the arrangement" that Plaintiff cannot set up payment.

34. Defendant told Plaintiff she has only two options to pay, recurring payments with a debit/credit card, checking account, or a pre-paid debit/credit card.

35. Usage of a pre-paid debit/credit card places an undue financial hardship on Plaintiff.

36. Pre-paid debit/credit cards incur monthly fees, surcharges, and other costs of usage to Plaintiff and anyone that purchases and uses one.

37. Defendant will not allow Plaintiff to pay Defendant unless she sets up automatic, recurring payments with a debit/credit card, a checking account, or pre-paid debit/credit card or otherwise pays the account in full in the same manner.

38. Defendant stated WALDEN turned over a balance of $358.50.

39. Defendant stated the Plaintiff now owes $363.33 due to accruing interest.

40. Defendant declined to state to Plaintiff the percentage or rate of interest being charged.

41. Defendant fails to disclose how the current amount due is calculated and why the amount due may vary from the amount listed, whether the amount due has increased because of

interest, or the amount of interest being charged by Defendant TRANSWORLD. Such fees are not authorized by law or contract.

42. Defendant further violated 15 U.S.C. §1692e-preface, (2), and (10) and §1692f-preface and (1) by using an unfair and unconscionable means to collect a debt by attempting to collect an amount due not expressly authorized by the agreement creating the debt or permitted by law. Further, Defendant failed to disclose to Plaintiff "the amount of the debt", interest, fees, and other charges as further required by §1692g.

43. Defendant terminated the 12/23/10 Call refusing to allow Plaintiff to pay the WALDEN debt despite calling Plaintiff constantly and continuously for this purpose.

44. Defendant stated during 12/23/10 Call that unless Plaintiff could make good on the options given or pay the account in full that there was nothing else that could be done for Plaintiff.

45. By refusing to allow Plaintiff to pay the alleged debt to Defendant by money order, the only way Plaintiff is capable of paying the alleged debt, Defendant violated 15 U.S.C. §1692d-preface; §1692e-preface and (10); and §1692f-preface by using an unfair and unconscionable means to collect or attempt to collect any debt.

46. Defendant violated the FDCPA.

47. Therefore due to the Defendant's gross violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. 15 U.S.C. §1692d-preface, (5), and (6).

   b. 15 U.S.C. §1692e-preface, (2), (7), (10), and (11).

   c. 15 U.S.C. §1692f-preface, (1), and (5).

   d. 15 U.S.C. §1692g.

50. As a result of defendant's violations of the FDCPA, Plaintiff and class members have been damaged and are entitled to damages in accordance with the FDCPA.

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE GENERAL BUSINESS LAW §349

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated NYS Gen. Bus. Law §349(a).

   b. Defendant constantly and continuously places collection calls to Plaintiff demanding payment in full for the alleged debt by debit or credit card or direct draft from a checking account only.

   c. The unfair and unconscionable false representation or implication that Plaintiff is a liar and would not make good on her "word" in sending a money order to pay the alleged debt in order to disgrace Plaintiff.

   d. Defendant fails to disclose how the current amount due is calculated and why the amount due may vary from the amount listed, whether the amount due has increased because of

interest, or the amount of interest being charged by Defendant TRANSWORLD. Such fees are not authorized by law or contract.

 e. Defendant constantly and continuously places telephone calls to Plaintiff and does not make meaningful disclosure of their identity to Plaintiff.

 f. Defendant constantly and continuously causes charges to be made to Plaintiff for communications by concealment of the true purpose of the communication.

 53. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with New York State General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DONNA EASTWOOD demands judgment from the Defendant TRANSWORLD SYSTEMS, INC. as follows:

 A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and New York State General Business Law §349.

 B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A) and New York State General Business Law;

 C. For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

 D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3) and New York State General Business Law §349;

 E. Nominal damages;

 F. A declaration that the Defendant's practices violated the FDCPA;

 G. Punitive damages pursuant to the state common law claims;

 H. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DONNA EASTWOOD hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

Dated:  New York, New York
        January 13, 2011

                                Respectfully submitted,

                                By: _____
                                Allison D. Polesky, Esq. (5446)
                                LAW OFFICES OF ALLISON POLESKY, P.C.
                                511 Avenue of the Americas, Suite 712
                                New York, New York 10011
                                Phone:    (866) 479-9500
                                Facsimile: (866) 688-4300
                                Attorney for the Plaintiff

To:  TRANSWORLD SYSTEMS, INC.
     399 Cascade Rd
     Stamford, CT 06903 -3029
     *(Via Prescribed Service)*

     Clerk,
     United States District Court, Southern of New York
     *(For Filing Purposes)*